# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| STEVE N. PETERSON § | |
| § | |
| V. § | A-09-CA-204 SS |
| § | |
| MICHAEL J. ASTRUE § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATED MAGISTRATE JUDGE

TO:  THE HONORABLE SAM SPARKS
     UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff's Original Complaint seeking reversal of the final decision of the Social Security Administration (Clerk's Doc. No. 4); Plaintiff's Brief in Opposition to the Commissioner's Decision (Clerk's Doc. No. 14); and Defendant's Brief in Support of the Commissioner's Decision (Clerk's Doc. No. 19). Also before the Court is the Social Security record filed in this case (Cited as "Tr."). Plaintiff Steve Peterson appeals from the determination that he is not disabled and presents for review three issues: (1) whether proper weight was given to Plaintiff's treating doctor's opinions; (2) whether the ALJ erred in his findings regarding the Plaintiff's residual functional capacity; and (3) whether the ALJ erred in his findings regarding the Plaintiff's ability to maintain gainful work activity based on the testimony of the vocational expert witness. The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. § 636(b) and Rule 1(h) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

## I. GENERAL BACKGROUND

On December 2, 2005, Steve Peterson (hereinafter "Peterson" or "Plaintiff") filed an application for supplemental security income under Title XVI of the Social Security Act (the "Act")

(Tr. 11). The claim was denied initially on July 11, 2006, and upon reconsideration on December 7, 2006 (Tr. 11). Following the reconsideration denial, Peterson timely requested a hearing before an Administrative Law Judge ("ALJ").

On December 6, 2007, ALJ Roy J. Richardson held a hearing on Peterson's application for benefits (Tr. 20–50). Peterson testified at the hearing and was represented by his attorney, Susan Denzer (Tr. 20).[1] Calvin Turner, a vocational expert, and Peterson's father, Floyd Herman Peterson, also appeared and testified at the hearing (Tr. 20, 41–50). On February 20, 2008, the ALJ issued an unfavorable decision finding that Peterson was not disabled within the meaning of the Act (Tr. 8–19). The Appeals Council declined Peterson's Request for Review by notice on January 22, 2009, making it the final decision of the Commissioner (Tr. 1–3). Peterson then brought the instant action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner denying him benefits under the Act.

## II. FINDINGS OF ADMINISTRATIVE LAW JUDGE

The ALJ first found that Peterson has the following severe impairments: borderline intellectual functioning, affective disorder, anxiety disorder, and polysubstance abuse (Tr. 13). The ALJ further found that Peterson's impairments met Medical Listing 12.04C of 20 C.F.R. Part 404, Subpart P, Appendix 1 (Tr. 14). The ALJ also found, however, that Peterson's substance abuse was a contributing factor material to the determination of disability (Tr. 14). Accordingly, the ALJ went on to consider what impairments Peterson would have were he to stop the substance use. The ALJ found that if Peterson stopped the substance use, he would have the residual functional capacity to understand, remember, and carry out routine step instructions, and respond appropriately to supervisors and co-workers in jobs that do not require independent decision making (Tr. 16). The

---

[1] In this appeal, Peterson is represented by Mary Ellen Felps.

ALJ also found that Peterson would have the mental capacity to perform work where interpersonal contact is only incidental to work performance and contact with the public is not required (Tr. 16).[2]

After considering Peterson's age, education, work experience, and residual functional capacity, the ALJ found that if Peterson stopped the substance use, he would be capable of performing other jobs that exist in significant numbers in the national economy (Tr. 18). Accordingly, the ALJ found that Peterson was not disabled as defined in the Act (Tr. 19).

### III. ISSUES BEFORE THE COURT

Peterson contends that the ALJ's decision is not supported by substantial evidence and is not based upon the proper legal standards. Specifically, Peterson argues that (1) proper weight was not given to his treating doctor's opinions; (2) the ALJ erred in his findings regarding the Plaintiff's residual functional capacity; and (3) the ALJ erred in his findings regarding the Plaintiff's ability to maintain gainful work activity based on the testimony of the vocational expert witness.

### IV. STANDARD OF REVIEW

In Social Security disability appeals, the limited role of the reviewing court, as dictated by 42 U.S.C. § 405(g), is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standard. *Kinash v. Callahan*, 129 F.3d 736, 738 (5th Cir. 1997); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). "Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Villa v. Sullivan*, 895 F.2d 1019, 1021–22 (5th Cir. 1990) (quoting *James v. Heckler*, 707 F.2d 162, 164 (5th Cir. 1983)). Courts weigh four elements of proof when determining whether there is substantial evidence of a disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining

---

[2] Peterson has no exertional limitations (Tr. 16).

physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995). However, the reviewing court cannot re-weigh the evidence, but may only scrutinize the record to determine whether it contains substantial evidence to support the Commissioner's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). "The Commissioner, rather than the courts, must resolve conflicts in the evidence." *Martinez*, 64 F.3d at 174. If supported by substantial evidence, the Commissioner's findings are conclusive and are to be affirmed. *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999). A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings exist to support the decision. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988).

## V. ANALYSIS

Peterson offers several reasons why he feels the ALJ's decision is in error. As Defendant shows in response, these arguments are without merit and do not entitle Plaintiff to remand. But more importantly, the arguments for remand completely ignore the crucial issue in this case. As discussed above, the ALJ actually found that Peterson suffered from listing level impairments. In doing so, the ALJ accepted the treating source opinions and found that Peterson would not be able to maintain gainful work.[3] However, the ALJ further found that his substance abuse was a material factor in his disability, and that absent his substance abuse, he would not be under disability. *See Wheat v. Barnhart*, 318 F. Supp. 2d 358, 362 (M.D. La. 2004) (noting how substance abuse may preclude a finding of disability in these circumstances). In other words, but for this finding, Peterson

---

[3]In making this finding, the ALJ specifically relied on Dr. Kuusisto's opinions—the very ones Plaintiff alleges were improperly ignored. *See* Tr. 14 ("The limitations proposed by Dr. Kuusisto, a treating source, are persuasive, and convince the undersigned the claimant has experienced the degree of symptomatology considered in Medical Listing 12.04C.").

4

would be considered disabled under the Act, and unless this finding is in error, Peterson would not be entitled to remand.

In regard to this issue, Peterson argues that the ALJ erred in finding that "addiction was material" because the record does not contain "a statement in regard to the use of addictive substances" from a medical source, and Dr. Kuusisto has not attributed Peterson's symptoms to substance abuse.

It is true that "Dr. Kuusisto does not address the effect of substance abuse on the limitations proposed" (Tr. 14). But this does not mean, as Peterson suggests, that substance abuse was not a material factor; it only means that Dr. Kuusisto did not opine on the subject. As the ALJ notes in his decision, "the record, including hearing testimony, reflects an extensive history of polysubstance abuse." Tr. 14. Given "his extensive history of substance abuse, the fact he has not received substance abuse treatment, and the fact the claimant has provided conflicting information regarding his substance abuse in the past, such as denying using Heroine [sic], then testing positive for Heroine [sic] use,"[4] the ALJ believed that "absent objective proof of sobriety, substance abuse would be a material factor." *Id.* (citations omitted). Because the ALJ found that substance abuse was a material factor to the finding of disability, *Peterson* had the burden of introducing evidence that could support

---

[4]Peterson appears to challenge the finding on Peterson's heroin use, arguing that the evidence cited by the ALJ is a self report regarding problems of childhood development from a totally different time period, and therefore was not evidence controverting his treating physician's opinion. First, the Court notes that the citation in the ALJ's decision is incorrect, but the record does contain the evidence the ALJ is referring to. *See* Tr. 207 ("[Patient] reports drinking too much, and test shows heroin in his system."). But more importantly, this reference was not meant to controvert Dr. Kuusisto's opinion, as Dr. Kuusisto had no opinion on the effect substance abuse would have on Peterson's limitations. This was only meant to show that Peterson had given conflicting information in regard to his past substance abuse, which gave the ALJ reason to believe that Peterson was not being entirely truthful in claiming he had completely ceased using substances. This, coupled with the lack of substance abuse treatment, made the ALJ believe substance abuse would be a material factor. *See* Tr. 14.

a finding that he would still be disabled even if he stopped using substances. *Brown v. Apfel*, 192 F.3d 492, 498 (5th Cir. 1999). Peterson failed to carry this burden before the ALJ, and he continues to fail in making such a showing before this Court. Because Peterson has not carried his burden of showing that he would still be disabled even if he stopped using substances, he is not entitled to relief.

## VI. RECOMMENDATION

Based upon the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that the District Judge **AFFIRM** the decision of the Commissioner in this case and **ENTER JUDGMENT** in favor of the Defendant.

## VII. WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 15th day of January, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE